## No. 11,610.

### RIANT AMUSEMENT CO. *v.* BAILEY, TRUSTEE.

Decided April 25, 1927.

Judgment and decree for sale of real estate, in favor of plaintiff.

### Affirmed in Part.

### Reversed in Part.

1. BANKRUPTCY—*Assets.* Evidence held to establish use of bankrupt's funds for purchase of property for another company without consideration.

2.      *Funds—Burden of Proof.*   President of a bankrupt company, claiming that funds of the bankrupt used in the purchase of property for another company were charged to his account as salary, has the burden of establishing such claim.

3.      EVIDENCE—*Corporate Officer—Salary.*   Evidence of directors of a corporation as to the salary to be paid its president, held not conclusive, there being no record of any vote of salary, and a record of a vote that the officers were to get no salary.

4.      APPEAL AND ERROR—*Evidence—Rejection.*   Rejection of the testimony of a witness as to what books of a corporation disclosed, held not prejudicial, the real evidence being the books themselves.

5.      *Evidence—Presumption.*   On review of a court action, it will be presumed that the trial court disregarded incompetent evidence which was admitted tentatively.

6.      *Evidence—Admission.*   Admission of testimony of a witness as to the result of an examination of the minute book of a corporation, held immaterial, the book itself being in court.

7.      *Evidence—Exclusion.*   No error can be predicated on the exclusion of an exhibit, where the record shows no exception, nor even that the exhibit was offered.

8.      .EVIDENCE—*Account Books—Summary.*   It is proper for an expert accountant to testify from a summary which he has made from corporate books.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. HORACE N. HAWKINS, Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. ERNEST MORRIS, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

BAILEY, as trustee in bankruptcy of the United Collieries Company, had a decree against the Riant Amusement

Company for $40,374.07 and for the sale of certain real estate to pay the same. The Riant Company comes here for a review.

One Andrew Walker, president and general manager of The United Collieries Company, was found by the court to have used the funds of that company to purchase the said real estate for the Riant Company, and in other ways for the latter company's benefit, without consideration.

1. The Riant Company says this finding is not supported by the evidence. We think it is. The said moneys were paid by the checks of the Collieries Company. Walker testifies that that company owed him large sums for years of back salary which stood to his credit on its books and that said checks were charged to his account so that it was really his money which went to the Riant Company. This the plaintiff denies. Here is the controlling question with the burden on the defendant.

The evidence for the defendant is that the books of the Collieries Company show a credit of say $25,000 to Walker for back salary and he and his brother Edward, a director, testify that the brother and another, who were two of the three directors, met with Andrew at the company's mine August 12, 1916, shortly after the incorporation, and orally agreed that he was to have $300 per month till the company got prosperous and then $600. It is insisted that this evidence is undisputed and conclusive, but we cannot assent. There was no record of any vote of salary; there was a record of a vote that officers were to get no salary; the books of account are so discredited by erasure and alteration as to nearly destroy their evidential force; Walker made oath, in 1920, to the annual report of the Collieries Company in which the alleged indebtedness to him was not included. In 1922 his income tax report did not include these alleged payments to him by that company in the previous year, and there were other matters inconsistent with his testimony. We think the finding on this point was right.

2. Of the above amount found due it seems that $2,000 was charged, not to Andrew Walker, but to his brother Edward who was superintendent of the mine and to whom a salary had been voted by the directors, which the evidence shows was in arrears to an amount in excess of $2,000. No evidence to the contrary of this has been called to our attention. Stock in the Riant Company to the amount of $2,000 was issued for this to Edward. We think the district court should reconsider this item.

3. It is claimed that the court erroneously excluded certain evidence of Margaret Schroeder, a witness called for defendant. We think that if erroneous the exclusion was not prejudicial. The rejected testimony, called for by several questions in different forms, was what the Collieries Company's books showed to be due to Andrew Walker. Such testimony is admitted to aid the court and to expedite trials, but the real evidence is the books themselves. Counsel in argument can set forth the same matters, and, indeed, have done so in this case. It would not have been an error to admit it and it was not prejudicial error to reject it. It is claimed that the court was unfair in permitting a detailed cross-examination after refusing to hear her on direct examination, but the court did not refuse to hear her on direct examination—it excluded the above questions only. No others, except formal ones, were asked.

4. It is said that the court erroneously permitted the witness Eisenlord to state that he had examined the minute book and found no record of authority to pay Andrew Walker any salary. This was admitted tentatively and we must suppose that the court disregarded it if it was incompetent. Then, too, it is too trifling to justify reversal, because the book was in court and if there were such a record the defendant could and ought to have offered it.

5. It is objected that the court excluded Exhibit 3, but the record shows no exception, nor, indeed, even that the exhibit was offered.

6. Eisenlord, an expert accountant, was permitted to testify from a summary he had made from the books. This is an ordinary proceeding.

The United States Mortgage and Trust Company holds a mortgage upon the real estate above mentioned, which is not questioned, to which the claims of all other parties are subject.

Judgment affirmed except as to $2,000 charged Edward Walker, as to which a new trial is granted.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.